# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2756

_____

June Fitzpatrick

*Plaintiff - Appellant*

v.

Ronald Timmerman; Joshua Hayes; Stephen Newport; Dale Heuer

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: March 26, 2019
Filed: March 29, 2019
[Unpublished]

_____

Before ERICKSON, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

June Fitpatrick appeals after the district court[1] dismissed her 42 U.S.C. § 1983 Fourth Amendment claim, and some of her state-law claims, as time-barred; and

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

declined to exercise supplemental jurisdiction over her remaining state-law claims. Upon careful de novo review, we conclude the district court correctly determined that neither the Iowa discovery rule nor estoppel altered the limitations period, as defendants' search of Fitzpatrick's home would have alerted a reasonable person of the need to investigate, a reasonably diligent investigation would have revealed that the search was not authorized by a warrant or court order, and Fitzpatrick's reliance on information from defendant Newport was unreasonable. See Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018) (standard of review); Skadburg v. Gately, 911 N.W.2d 786, 794 (Iowa 2018) (once plaintiff learns information that would alert reasonable person of need to investigate, she is imputed knowledge of all facts that reasonably diligent investigation would have disclosed); Christy v. Miulli, 692 N.W.2d 694, 702-03 (Iowa 2005) (to estop defendant from relying on statute of limitations based on fraudulent concealment, plaintiff must establish by clear and convincing preponderance of evidence, inter alia, that plaintiff reasonably relied on defendant's false representation to her prejudice; plaintiff's knowledge of pertinent facts and circumstances may affect reasonableness of her continued reliance on tortfeasor's representations). Accordingly, we affirm.

———————————————————